*Jackson, ex dem. Murray & Bowen, against Hazen.*

THIS was an action of *ejectment*, brought to recover a piece of land, in lot No. 24, in *Hassencleaver's* patent, in *Herkimer* county, and was tried at the Circuit Court in that county on the 26th *June*, 1806, before Mr. Justice *Spencer*. The counsel for the plaintiff, on opening the cause, stated, that they should prove a mere possessory title in the lessors of the plaintiffs, namely,

*Margin notes:*

NEW-YORK. Nov. 1806.

Jackson v. Hazen.

Where the lessor of the plaintiff in an action of ejectment, had been in the peaceable possession of the premises for 3 years, and the defendant af

NEW-YORK, that *Bowen*, one of the lessors of the plaintiff, being in
Nov. 1806. the possession of the premises in question, on the 1st of
Jackson Jannary, 1803, leased them to one *Wait*, for a year, for
v.
Hazen, the rent of $35. *Wait* entered, and continued in posses-
sion, and at the end of the year, surrendered the premi-
terwards en-
tered, without ses to *Bowen ;* when one *Battles*, under a contract[*]with
any colour of
right, it was *Bowen*, entered, and continued in possession of the pre-
held, that such mises, until the 1st of *Jonuary*, 1806, when he surren-
a possession
woud enable dered them to *Bowen*. Shortly after, the defendant en-
the plaintiff
to maintain e- tered, and took possession of the premises, without any
jectment a
gainst the de- claim or colour of right, from any person whatever. On
fendant who this statement, the judge ruled, that the title proposed to
was to be con-
sidered as a be proved, was not sufficient to enable the plaintiff to re-
trespasser.
[ *23 ] cover, in this action, without showing a privity of inter-
est between the defendant and one of the lessors of the
plaintiff; and that the same was inadmissible as evidence
of a possessory title.

The plaintiff was, therefore, nonsuited.

A motion was made to set aside the nonsuit.

*Ford*, for the plaintiff. Possession is always *prima*
* *Blk. Comm.* *facie* evidence of a legal title in the possessor.* *Posses-*
191. 196.
*sion* will enable the possessor to maintain trespass
† 3 *Burrows*, against all persons but the real owner.† Now the ac-
1563. tion of ejectment is, in its nature, an action of *trespass*,
and the same evidence, as to title, in the one, is suffi-
cient in the other. Anciently, nothing but damages
‡ *Running-* was recovered, but it is now a proceeding *in rem*.‡ If
ton, 8. 3 *Wil-*
son, 120. 3 the plaintiff can show that he was in possession of the
*Blk. Comm.* premises, any time within 20 years, it is sufficient to
200.
§ *Buller, N.* support an action of ejectment.§ The person first in pos-
*P.* 103. *Espi-* session, is deemed to have the right, and here the plain-
nasse's Digest,
432. tiff was in possession, and the defendant entered with-
out any colour of right. The presumption of right is
¶ *Cro. Eliz.* in favour of the plaintiff,¶ and unless the defendant
437. Batemen
v. Allen. could show some right or title, the plaintiff was entitled

to recover ; for being disseised without any right in the defendant, he may recover against him, without showing any other title.

*Sedgwick*, contra. The plaintiff must always recover, on the strength of his own title. He must show some title. Mere presumption is not sufficient. In ejectment it is necessary to prove a lease, or a title, which is equivalent. A judgment in ejectment is conclusive, in an action for mesne profits. Now, if a mere possession [*] even for a month, would entitle the possessor to maintain ejectment, a trespasser might recover mesne profits against one who had as good a title as himself.

[ *24 ]

*Per Curiam.* Had the defendant come into possession of the premises peaceably, a question would have then been presented whether the lessors of the plaintiff, who relied upon a mere possessory title, were not bound to show a possession for 20 years; and this was, probably, the point of view in which the judge, at the circuit, considered the question raised. But, according to the statement of the case, the cause does not turn on that point. The defendant must be considered as a trespasser. One of the lessors of the plaintiff had been in the peaceable possession of the premises for near 3 years, when the defendant entered upon him, without any claim, or colour of right, or title, from any person whatever. This was a tortious entry, and it never can be permitted, that a party should derive a right from his own unlawful act. The nonsuit must therefore be set aside, and a new trial awarded, with costs to abide the event of the suit.

New trial granted.