Overton, J.
delivered the following opinion.
Ejectment in the circuit court of Roane ; decision in favour of the defendant and appeal to this court.
From the record it appears, that the plaintiff offered in evidence a grant from the state of North Carolina, which appears to have issued in the year 1794. to a private in Evens’ battalion, for 400 acres. The grant issued in pursuance of an act of the legislature of North Carolina, in the year 1786, c. 1, s. 13 ; it lies in the eastern district, as referred to in the act of April 1784, c. 14, s. 2, and in the county of Roane. The act of 1786, directs, that these lands shall be laid off west of Cumberland mountain. It is shown, not only by the record, but admitted at the bar, that the land covered by this grant lies East of Cumberland mountain.
Upon being offered in evidence on the part of the plaintiff, it was objected to, on the ground that it was not situated within the district of country contemplated by law. The circuit court decided, that it should not be read in evidence, as being absolutely void. To this opinion of the court, rejecting the grant, there was a bill of exceptions and appeal to this court. The question is, did the judge err in rejecting this grant as evidence ?
The record does not disclose, that the defendent had any title ; the court, therefore, presumes he had none.
In considering whether a mere possession, or as it appears from this record, an intruder, is competent to take such an objection, it must first be determined, whether this grant is obsolutely void to all intents and purposes whatever. It forcibly occurs, that it is not ; As between the state and grantee, the grant is not void ; the consideration is not impeached ; that is good, as admitted on all hands. Its being granted at this place, contravenes, however, a political regulation of the state, and therefore, said to be void.
There is nothing malum in se, of contra bonos mores, in this, to render it void to all intents and purposes. It is good as between the state and grantee. The state was under an obligation to make to the soldier a title to the quantity of land expressed in the grant, on the western side of Cumberland mountain ; the grantee, or holder of the State’s warrant, or obligation, applies to her to make a conveyance *186 for so much land, in discharge of that obligation, on the eastern, instead of the western side of Cumberland mountain. The state does so and who is it that now complains ? Not the grantee ; it was done with his consent, and so far from his complaining, he is claiming the land, as appears from this record ; that is, the person holding under him claiming, which is the same thing. The state has made no complaint ; but it is said, the defendant, who lives on the land is dissatisfied, and says he ought to keep possession, as against this grant, without any kind of title in himself ; without having poid a cent, as a consideration, for the possession or occupation. Can it be just, that a person thus situated, should have it in hispower to draw into critical examination any man’s title ? This would be rewarding, instead of discouraging litigation. As to him, it would surely be sufficient to know, that the state had granted the land ; the place where, or the consideration on which it was done, would be different points. This is permitting a mere stranger, not any way effected by a transaction, to call for a forensic scrutiny of other men’s actions, contrary to general principles of law. For an illustration of these principles, see 2 Johns. 22, 3 Johns. 386, 2 Day. 234, 5 Johns. 43. A mere stranger, trespasser or intruder, might, most probably be competent to show, that the title set up by the plaintiff had expired, or was void, to all intents. It has been insisted that a plaintiff in ejectment must recover by the strength of his own title, and not by the weakness of his adversary’s. This is certainly correct. In this, however, it is contemplated, that some kind of title should exist on the part of the defendant.
Agreeably to the common law, possession alone communicated a good title ; it is not so here ; no length of time whatever can ripen a bare possession into a title. Hence, in some respects, results a difference in the principles of law. For instance ; in this country we cannot presume title from simple possession ; because the law requires the evidence of some record or title paper the land having been granted. It was therefore proper in England to say, that possession alone should put the plaintiff on strict proof of his title, because, by the common law, a possessor was presumed to hold rightfully. There, twenty years, without color of title, gave right; and the presumption arising from possession, was a title to the defendant ; this title would stand until the plaintiff showed a better one. Hence, in England, as between plaintiff and defendant in ejectment, *187 it was a comparison of one title with another ; and frequently on the part of both, no other title than that of possession. Conformably to the principles of our law, this cannot be the case, inasmuch as no title whatever can be conveyed, but by grant or deed. With us, then, the law always presumes, when the possessor shows neither grant, deed nor entry, &c. that he has no title ; or that he is a mere intruder or trespasser, and incapable of ripening his possession into title by the statute of limitations, or putting the plaintiff on strict proof. Had the defendant produced title on his part, the question would have been entirely different.
The other grounds of objection are not sustainable.
Let the judgment of the circuit court be reversed, and the cause remanded.