### CURTIS STEAN vs. JAMES ANDERSON.

Actual possession is necessary to support trespass to real property. A constructive possession will not do.

After an ouster, the plaintiff cannot recover damages for subsequent trespasses, without a re-entry. After re-entry, he may lay his action with a continuando, and recover for mesne profits as well as damages for the ouster.

The judgment in partition, by rule of court, is conclusive of title between the parties and all claiming under them.

The verdict in one action of trespass, is evidence in another, between the same parties; but conclusive only of the fact and date of the trespass, and of plaintiff's possession at that time. His possession will be presumed to continue, unless the contrary appear.

At the term after a trial, the court heard an application to tax costs as to the proved attendance of witnesses; and ordered the prothonotary to ascertain the true attendance, with notice to the witnesses.

THIS was an action of trespass, quare clausum fregit; commenced March 23, 1842; tried April term, 1845. The pleas were not guilty, and the act of limitation.

The plaintiff prefaced proof of the trespass, by evidence that he was in possession of the premises, by assignment from one Truitt Thompson, who held under a judgment in partition, to which the defendant was a party. He traced the title from a certain Miles Jones, who died in 1806, leaving to survive him five children, among

whom was Elizabeth, the wife of Peter Butler. Elizabeth Butler died in 1813, leaving her husband and three daughters, Elizabeth, who married, first, Daniel Clifton, and after his death, Lewis Allen; Priscilla, who married Levin Records; and Betsey, who married James Lawless. Daniel Clifton and wife, executed a conveyance bond for their share of the Jones land, to Truitt Thompson, who, in 1833, assigned it by indorsement on the conveyance bond, in due form, to the plaintiff. The execution of the bond by Clifton and wife, was not fully proved, as the assignment was. The bond and assignment were lost. The loss was proved by the plaintiff, and by the testimony of the executor of Mr. Ridgely, in whose possession it was last seen; of Mr. Layton, his successor; and of the administrator of Mr. Brinckloe, his colleague, that they had made diligent search.

After this evidence of the existence and loss of the paper, which the court considered sufficient, plaintiff proposed to prove its contents; and asked a witness, whether the assignment of Thompson, was not of certain land then in his possession, formerly the property of Miles Jones? This was objected to.

*Houston.*—The *execution* of the bond from Clifton and wife, to Thompson, which was assigned to Stean, is not proved. It can be proved only by the attesting witnesses, or proof of their handwriting. The effort now is to prove the contents of the bond without proving its execution. The lost bond must have been proved to have been a legal bond. (1 *Stark. Ev.* 354.)

*Court.*—For the purpose of proving a transmission of title from Clifton and wife, to Truitt Thompson, this evidence is not admissible, because the execution of that bond is not proved; but an assignment of land has been proved, regularly executed from Thompson and wife, to Stean, and this assignment is the lost paper; the contents and object of that assignment may be proved, and also, the possession of Stean under it.

The witness proved that it was an assignment of the Miles Jones land, then in possession of Truitt Thompson. Stean went into possession immediately thereafter.

Plaintiff then offered the record of an amicable action between Truitt Thompson, assignee of Daniel Clifton and Elizabeth his wife; Levin Records, jr. and Priscilla his wife; James Lawless, jr. and Betsey his wife, plaintiffs; and James Anderson, assignee of Thomas Jones; Nathaniel Jones; James C. Jones; Joseph Warrington and Mary his wife, defendants. It was an amicable action in partition,

entered April 8, 1831, and partition was made amongst the parties, severally, by metes and bounds, on November 15, 1831. The record was objected to.

*By the Court:*

The record is admitted. It purports to prove an amicable partition of the lands of Miles Jones, between Truitt Thompson and others, and James Anderson   Stean has been connected by evidence with Truitt Thompson, as a privy in estate; and is therefore, as a party to said partition.   The assignment from Thompson, to Stean, was after this partition and his possession under it.   The partition was in 1831; the assignment about the year 1833. (*a*)   It was proved that

_____

(*a*) At a subsequent trial had at April term, 1847, between this plaintiff and James Anderson, Nutter Marvel and Lewis Jones, this record was excluded after full argument.

The first objection to it was that the *submission* was upon a separate paper, stated on the docket to be on file, but which could not be found.   The court overruled this objection, saying that by the act of 1811, *Dig.* 112, the judgment on this amicable action could not be reversed for want of this paper; and the record was evidence without it; proof having been made of its existence and loss.   They would, therefore, admit the record when Stean's *privity* with any party to it was made out.

The plaintiff contended that he had done this by proof of the alienation bond from Daniel Clifton and wife to Truitt Thompson, assigned to Curtis Stean.

The defendants objected that the alienation bond of Clifton and wife conveyed no title, being void in itself as the bond of a married woman, and expressly prohibited by the statutes of conveyance.   That at most it conveyed only an *equitable* estate for Clifton's lifetime.

Plaintiff replied that Anderson was estopped by the judgment in partition to deny the title of Truitt Thompson.

*Bayard.*—1. We do not deny the title of Thompson.   The party who shows it, shows that it was a mere life estate for the life of Clifton, who is dead.   We are not estopped to show the title of Mrs. Clifton. (*Arch. Civ. Pl.* 209.)   2. It is estoppel against estoppel, and the matter is at large. In showing his own privity with Thompson, the plaintiff is obliged to show a title yet existing in Mrs. Clifton, which he is estopped to deny.   3. The principle of estoppel applies only to the estate admitted by the matter of estoppel, which in this case was a life estate now expired.   4. In order to raise the estoppel, the plaintiff is bound to show *privity in estate,* which requires privity of *legal* estate with Thompson, and he has shown but an *equitable* title, which does not establish a privity. (22 *Com. Law Rep.* 73 ; 32 *Ibid* 42.)   5. That in this amicable action in partition, there was

Anderson and Thompson were both present at this partition of the lands of Miles Jones. Thompson claimed the share of Daniel Clifton and wife. He did not show any papers. Anderson did not object to his title. Anderson claimed the share of several of the Jones

no judgment of the court reaching the title, but only a judgment of confirmation on the division. That in such an action the question of title was not referred, but only the question of partition. 6. A party estopped by partition is only estopped as to any title existing at the time, and not as to any title subsequently derived from a party not bound by the partition.

*Layton* replied.—1. The judgment is a judgment in partition, and establishes the title of the parties and all privies; and estops each from denying the other's right. (*Allnatt Part.* 53, 63.) 2. The action and judgment in partition operates on James Anderson and all the other parties and their privies, by way of estoppel to deny the title; and is equivalent to a conveyance with covenants of warranty. (1 *Greenl. Ev.* 29; 9 *Cranch R.* 43; 11 *Johns. R.* 91; 14 *Ibid* 97; 1 *Harr. Rep.* 110, 139; 1 *Salk.* 276.) If two join in partition where one has no estate, he thereby gains a moiety by estoppel. (*Allnatt Part.* 144-9; *Co. Litt.* 170-6.) Rose (bastard elder) and Ann (legitimate younger) sisters, make partition; Ann is concluded by estoppel to deny Rose's title. 3. It is not competent for a party to the partition to set up any title, even after acquired, and from a person not bound by the partition, in opposition to the title which by partition he admits in any other party.

*The Court:*

BOORN, *Chief Justice.*—We concede the doctrines of estoppel urged by the plaintiff, to the extent that the effect of a partition is to estop any party to it to deny the title of the other parties; and may even apply to titles subsequently acquired by such parties; and that it extends to privies in estate.

But the question is, whether the plaintiff has shown himself a privy in estate with Truitt Thompson. James Anderson as a party to the partition suit is estopped to deny the title of Truitt Thompson, although in fact that title is defective, as now appears, being no more than an equitable title for the life of Daniel Clifton, who is dead. The point, therefore, on which the admission of this record turns, is whether Curtis Stean has shown privity of *estate* with Truitt Thompson.

In order to place himself in the position of Truitt Thompson, he must show some conveyance to himself of the estate which Thompson held, or which Anderson recognized him as holding under the partition. How does he prove this? By any conveyance operating on the legal estate? By any proof of any estate in the land? Neither. Simply by an indorsement of Thompson, on an alienation bond of Clifton, (now dead;) which bond and

heirs, and their share was laid off to him.    Thompson went into possession under this partition, and Stean succeeded him after the assignment.

There had been two former trials between these parties, the first, at April term, 1841, which resulted in a verdict for plaintiff, for $20; a new trial had at the October term, 1841, when the verdict was for plaintiff, for $98 75.

The Chief Justice was examined as to what was proved on the former trial.    The defendant then set up title as a defence.    Whether that and the present case are for the same place, he could not yet possibly know.    Other witnesses proved that it was for a trespass on the same land.    That the defendant took forcible possession of it in 1841 or 1842, and had been in possession since.    Plaintiff then proved certain cutting done on the land by defendant's orders, and closed.

*Wootten*, for defendant.—Miles Jones, died seized in 1806, leaving several children.    Anderson bought out most or all of the heirs at law.    Defendant claims under the pretence of a title from Mrs. Clifton and Truitt Thompson.    Daniel Clifton married one of the children of Miles Jones, and was entitled to only a life estate in her share. ' Even if she joined her husband in making an alienation bond, this did not convey her title.    After Daniel Clifton's death, Lewis Allen, married the widow of Clifton, and with her, conveyed to Anderson, in due form.    Anderson brought an action of ejectment, and was defeated on the ground that Peter Butler, who had married another heir under whom plaintiff claimed, was shown to be alive, and was entitled to a life estate in the land.    After this trial, a creditor of Peter Butler, sold his interest in the land and it was bought by James Anderson. ; Anderson now brought ejectment again

assignment conveyed no estate, but gave the party a right in equity to the conveyance of an estate in the land, for the life of Daniel Clifton.    Can we now, when it is shown that this life estate has expired, give to such an assignment, the effect of conveying any estate from Thompson to Stean?

We do not think this sufficient evidence of privity of estate between Thompson and Stean, to make Stean a privy to these partition proceedings; and we therefore, exclude them.    At the previous trial of this case, the admission of this record was not particularly objected to on this ground, and the argument was altogether upon the effect of it when admitted; and we affirmed the general positions contended for by the plaintiff's counsel, and now repeat them.

Exception prayed and granted.

against Stean; when Stean abandoned the possession, cut up the corn, and moved off the fence. From that time to this, Anderson has been in the peaceable possession. The defendant proved the deeds of Thomas Jones, Nathaniel Jones, James C. Jones, and Warrington and wife, to James Anderson, for their respective shares of the Jones land ; and offered in evidence the deed of Lewis Allen and wife, to him, for the share of Clifton's wife. This was objected to on the ground that the deed was executed since the amicable action between Anderson and Truitt Thompson and the others; and it was not competent for Anderson to prove title against that partition; especially title which was then admitted to be in Thompson, and since acquired from Clifton's wife.

*Court.*—The question immediately before the court, is whether the deed of Lewis Allen and wife, to James Anderson, executed since the partition suit in which Anderson was a party, for the share of Mrs. Allen, (formerly Clifton,) daughter of Miles Jones, is admissible in evidence for Anderson, on the question of title. We think it is not; on the settled principle that the judgment of a court of competent jurisdiction, is conclusive on the parties, and their privies. By this partition it is settled, at least so far as James Anderson is concerned, that the *locus in quo*, belonged to Truitt Thompson, as the assignee of Daniel Clifton and wife. And though it might be that Mrs. Clifton, not being a party to the partition suit, might controvert the title of Thompson, yet Anderson cannot ; and though Curtis Stean has not shown any lawful assignment of the title of Thompson, or any other lawful title, if he was in possession at the time of the trespass, he may maintain this action for a wrong done to the possession. As to the recovery in the former action of trespass, it is conclusive of nothing more than that the plaintiff was in possession of the place where that act of trespass was committed, at the time it was committed, and that the defendant was guilty of the trespass.

The defendant then proved that in October, 1838, the plaintiff hauled away the fence and cut up the corn by the roots. He said the defendant might get the land but should not have the fence. The land lay out until March, 1839, when Anderson enclosed it, and has been in possession ever since. The plaintiff said he had abandoned it under advice of counsel.

*McFee*, to the jury.—Every continuance of a trespass is a new trespass. (20 *Vin. Ab.* 467 ; 16 *Johns.* 314 ; 10 *Ibid* 338.)

Actual possession is not necessary to maintain trespass. A con-

structive possession is sufficient. (11 *Johns.* 385; 4 *Taunt.* 547; 5 *Bac. Ab.* 167 ; *Ros. Ev.* 378.)

Continual claim is an entry in law. (3 *Com. Dig.* 61 ; 9 *Vin.* 111; 2 *Johns.* 22 ; 4 *Ibid* 211 ; 11 *Johns.* 504.)   Defendant cannot acquire a right by his own unlawful act.

*Houston,* for defendant.—Plaintiff was out of possession in March, 1839, when defendant put up the fence.   He had voluntarily abandoned a possession which was about to bring upon him an action of ejectment.

Trespass can be maintained only when there is an actual possession.   (3 *Step. N. P.* 2632; 1 *Ch. Pl.* 176, *n. ;* 1 *Harr. Rep.* 335.)   Plaintiff must be in actual possession, and a tortious entry will not give possession.

Plaintiff can recover for nothing more than the simple ouster ; and not for intermediate injuries, or profits of the land, unless he has re-entered.   (3 *Steph.* 2634; 2 *Leigh. N. P.* 1442 ; 19 *Wend.* 507.)

*Layton,* for plaintiff.—The general rule that a plaintiff must be in actual possession of land to maintain trespass, is subject to many exceptions, and this is one.   Where a party is turned out of possession, and either enters or makes continual claim, he may maintain trespass.   A continual claim is equivalent to an entry.   (20 *Vin.* 467 ; *Co. Litt.* 256, *b.;* 3 *Com. Dig. Cont. Claim.* 1 ; 9 *Vin.* 110; 5 *Bac.* 167.)

The *Chief Justice,* charged the jury.—To sustain the action of trespass to real property, there must be an actual possession.   A constructive possession, as in case of goods and chattels, is not sufficient.

The record of the proceedings and judgment in the amicable action of partition, ats. of Truitt Thompson, assignee of Daniel Clifton and wife, and others *vs.* James Anderson, assignee of Thomas Jones, and others, are final and conclusive between the parties and all claiming under them, as to the title to the lands allotted to the several parties.   Therefore, if Stean went into possession, and held under Truitt Thompson, Anderson would be a trespasser by invading that possession.

The verdict and judgment in the action of trespass of Stean *vs.* Anderson, tried in 1841, for a trespass in carrying away plaintiff's fence, in 1838, are final and conclusive : 1st. That such a trespass was committed by the defendant.   2d. That the plaintiff was in the actual possession of the land where, and at the time when, the trespass was committed.   This land, it is alleged is the same, with that which is now in question in this cause.   Having been in actual pos-

session in 1838, it is to be presumed that such possession continued in the plaintiff, unless it be shown that he divested himself of it by relinquishing or abandoning it before the alleged trespass was committed by the defendant; because a tortious or unlawful entry will not give possession to defendant.

If the plaintiff was in the actual possession at the time defendant enclosed the field, and ousted the plaintiff,—defendant's counsel contends that plaintiff can recover damages only for the simple trespass of ouster, and not for any intermediate injuries, unless he afterwards re-entered. And therefore, if this ouster was more than three years before the 23d of March, 1842, the commencement of this suit, the plaintiff is barred by the act of limitation.

We consider the law to be this:—After an ouster the plaintiff can recover only for the simple trespass or first entry of the defendant; for although where there is an ouster, every subsequent act is a continuance of the trespass; yet in order to entitle the plaintiff to recover damages for such subsequent acts, there must be a re-entry on his part. But after a re-entry, the plaintiff may lay his action with a continuando, and recover mesne profits, as well as damages for the ouster. (20 *Viner* 467.)

Verdict for plaintiff—damages six cents.

*McFee* and *Layton*, for plaintiff.

*Houston* and *Wootten*, for defendant.

At the October term, 1845, *Wootten* and *Houston*, for plaintiff, moved the court to tax the costs in this case, stating that some of the witnesses had proved eighteen days' attendance, while others, who had attended every day whilst the cause was pending, proved only twelve days. The court were disposed to hear the evidence, but the witnesses themselves were not present; and they ordered that the prothonotary should ascertain the true time of the attendance of these witnesses, with notice to them, by the first rule day in vacation.