RATHBONE *vs.* STANTON.

The verdict of a jury should be set aside when there has been no evidence to support it.

When there is a *disputed question of fact,* and evidence has been given on *both sides of such question,* the court will not disturb the finding of the jury. But when upon any one question which is decisive against either party, there is evidence on one side of such question and none on the other, and the verdict has been given for the party who has given no evidence upon the point in question, the verdict will be set aside.

And if the county court does not reverse a judgment of a justice, founded on such verdict, it is the duty of the supreme court to correct the error.

ERROR to the Oswego county court. Rathbone sued Stanton, before a justice of the peace, and declared against him for the use and occupation of a certain farm in the town of Constantia, from April 2, 1842, to January 20, 1847, claiming $100 damages. The defendant pleaded the general issue, and gave notice of set-off for clearing land, splitting rails, building fences, paying taxes, erecting buildings, for moneys advanced, labor and services, goods and wares, &c. The cause was tried by a jury. Abner H. Allen, the plaintiff's agent, testified that in the spring of 1842 he let the farm to the defendant for two years from the 2d of April following. The rent of those two years was to be paid in improvements upon the farm. At the end of that term Stanton applied to the witness for the premises during another year; the rent to be paid in improvements. The witness told Stanton he was not authorized to let the farm excepting for money; and if he, Stanton, occupied the same another year, he must pay $50 and taxes, unless he could obtain better terms of Rathbone. That Stanton remained on the premises, and to the knowledge of the witness no other terms were obtained, either of Rathbone or his agent. That at the expiration of the third year Stanton applied to the witness for further occupancy of the farm, and proposed to build a barn on the same, for the further use of them. He proposed to build a barn 26 by 36 feet, to be finished in a certain specified manner, the materi-

als to be taken from the premises.  Such a barn was estimated to be worth, when completed, $90, and Stanton regarded it as equivalent, with the taxes, to two years' rent.  That the witness then informed Stanton that he was not authorized to contract for such a barn, but would submit the proposition to Rathbone, and that he did so, by letter.  That Rathbone replied, proposing that the barn should be 30 by 40 feet, with a better finish.  When this was communicated to Stanton he replied that it was too late, as he had commenced getting the timber of a different size, and should not alter it.  That witness closed no bargain with Stanton.  On his cross-examination the witness stated that he made no bargain to erect a barn; and that the one erected by Stanton was of a different description from the one proposed by Rathbone, and was not finished when this suit was commenced.  That at the expiration of the first two years the improvements, agreed to be made by Stanton, not being completed, the witness called upon Daniel Pettibone and Orrin Humaston, who went with him on to the premises and gave it as their opinion that it would require $15 to make the improvements as agreed by Stanton.  That Henry Willard afterwards gave it as his opinion that it would cost $25 or $30. Pettibone and Humaston were sworn as witnesses, on the trial, and testified that it would cost $15 to make the contract good. Beebe, another witness, testified that it would cost $30, and Gale that it would cost $25.  Stanton proposed to prove by way of set-off that he had made improvements on the farm to the full value of the use thereof; to which Rathbone's attorney objected, excepting so far as Stanton should show that said improvements were, by agreement, to be allowed or accepted by Rathbone in payment for use and occupation; and so the justice ruled.  L. Stanton, a witness for the defendant, testified that he was present when the defendant first applied to Allen for the premises; that Allen said there were not much improvements on the premises, and proposed that Stanton should cut and clear off two nooks, square the clearing up, and enclose it in a rail fence, for which improvements he could have the use of the place two years; that no writings passed; that Allen wished Stanton to

Rathbone *v.* Stanton.

pay the taxes, which was objected to; that witness did not know whether the clearing had been made, as agreed, or not. Jabez Barnard testified that he recollected Stanton speaking with A. H. Allen for the use of the premises; that Stanton objected to paying cash, saying he wanted to pay in improvements; that Allen required the rent to be paid in cash. Abner H. Allen, a witness for the plaintiff, recalled, testified that Stanton commenced building a barn 26 by 36 feet, covered with boards that were rotten and shaky, doors also of rotten boards; that the stable was not yet finished, nor the barn underpinned. Other witnesses testified that it would cost from $15 to $20 to finish the barn in a proper manner. It was proved that a barn of that size, when well finished, would be worth from $80 to $100. Vine A. Allen testified that he went on to the premises with A. H. Allen two or three years ago; that Stanton proposed to Allen to take grain, cattle, &c. as security for the rent then due. The cause was, without further testimony, submitted to the jury, and they rendered a verdict in favor of the defendant; whereupon the justice gave a judgment for the plaintiff for $3,77, the costs of suit; and the county court, on certiorari, affirmed the judgment of the justice; and the plaintiff brought his writ of error.

*J. H. Rathbone,* for the plaintiff in error.

*S. Cromwell,* for the defendant in error.

*By the Court,* GRIDLEY, J. There is at this day no doubt, and there never should have been any, that the verdict of a jury should be set aside where there has been no evidence to support it. The doctrine found in the 10*th Wendell's Rep.* 411, 413, 425, has been since reconsidered and materially modified. The true doctrine is this: When there is a *disputed question of fact,* and evidence has been given on *both sides of such question,* the courts will not disturb the finding of the jury. But when upon any one question which is decisive against either party, there is evidence on one side of such question and none

Walrod v. Bennett.

on the other, and the verdict has been given for the party who has given no evidence upon the point in question, the verdict will be set aside. (18 *Wend.* 141.) And if the county court does not reverse a judgment founded on such a verdict, it is the duty of the supreme court to correct the error.

In this case, upon the right of the plaintiff to recover there was no conflict of evidence. It is true that the lease for the two first years was void inasmuch as it was not in writing; but it was fully *executed*—the defendant occupied the premises and never performed his agreement to pay the rent, in full, and therefore for that balance, whatever it might be, the plaintiff was entitled to recover.

So too of the rent for the subsequent years. If there be no agreement to accept the rent in any other way than in cash, the rent is recoverable in money. But if there was any evidence authorizing the conclusion that the plaintiff by his acquiescence and that of his agent, in the erection of the barn, of different dimensions from those proposed by the plaintiff, still there is no pretence that the defendant erected a barn of sufficient value to satisfy the rent.

The verdict of the jury was therefore without evidence; and to allow it to stand would sanction an act of gross injustice. The judgment of the county court, and of the justice, must consequently be reversed.

Judgment reversed.

---

Same Term.  <em>Before the same Justices.</em>