Bigelow, J.
Upon the facts stated in the report,' it seems to us, that this case falls very clearly within the familiar principle of law, that possession of land is sufficient evidence of seisin to entitle the possessor to hold it against all persons who cannot show an earlier possession, or higher or better evidence of title. A bare possession is sometimes called the first degree of title, and constitutes a valid right to real property, except as against the true owner. 2 Greenl. Cruise, 123, 126. It follows, that a prior naked possession is a sufficient title, against all persons claiming only by a possession subsequently acquired, because, both titles being in their origin of equal validity, that which is prior in point of time must prevail. The demandant, in the present action proved, at the trial, a long-continued possession and occupation of the demanded premises in his ancestor, and a specific devise of them to him. The tenants showed no title in themselves, and no possession of the premises, except that which is admitted by the bringing of the present action. This, in legal effect is nothing more than an admission of possession by the tenants, at the time of suit brought. The elder and better title, therefore, is in the demandant, and he is well entitled to recover.
The force and effect of a mere possessory title, as against a person who ousts the party originally in possession, is fully explained and elucidated in Slater v. Rawson, 6 Met. 439. It is there laid down that, if A. enter on the land of B. and oust him, A.’s possession, thus acquired, would constitute legal seisin against any one who might enter upon and oust, him without right, and A. might well maintain a writ of entry against the wrongdoer, declaring on his own seisin and a dis-seisin by the tenant. Actual possession of land gives a good title against a stranger having no title. Nor does this violate the well-established rule, that a party is to recover upon the *477 strength of his own title only. A possession, prior in point of time to that of a tenant who has himself no title, but only a subsequent possession acquired by an ouster of the demand-ant, is a better title, upon the strength of which a party is entitled to recover. It is a case where the maxim, prior in tempore, potior in jure, is applicable.
It was not, therefore, necessary for the demandant in the present action to prove a title to the demanded premises, by a disseisin of the true owner, or to raise a presumption of a grant from him. Such proof would be necessary as against a person showing a good paper title to the premises. If, for instance, the Housatonic Proprietary, in whom the title to the estate in question was originally vested, or if any person, claiming by valid conveyance from them, were defendant, it would then be necessary for the demandant to show a title in himself, acquired by disseisin or grant, because, failing to show such title, the Proprietary or their grantee, being the legal owner, would be entitled to hold possession of the premises. But in the present action, the demandant, although a tort feasor as to the real owner, may, nevertheless, well maintain trespass or a writ of entry against a stranger without title, for a disturbance of his own possession, and such stranger cannot be permitted to show, in defence of such an action, that the demandant’s possession was not the possession of the true owner, because a party may have a possession of real estate, which is perfectly legal and valid against one person, and wholly insufficient and invalid against another.
All, therefore, that was requisite on the part of the demand-ant in this action to prove, as against the tenants who showed no title to the estate in question, was, such a possession and occupation of the premises as to constitute legal seisin against a stranger. The evidence offered at the trial was amply sufficient to prove such seisin, and judgment must be entered for the demandant. Jackson v. Hazen, 2 Johns. 22; Jackson v. Harder, 4 Johns. 202; Lund v. Parker, 3 N. H. 50; Newhall v. Wheeler, 7 Mass. 189; First Parish in Shrewsbury v. Smith, 14 Pick. 297, 302; Jackson v. Boston and Worcester Railroad Corporation, 1 Cush. 575.

Judgment for the demandant