DANIHEE *v.* HYATT.

*(Supreme Court, General Term, Fifth Department.* January 24, 1891.)

TRESPASS—RIGHT TO MAINTAIN.

In an action for trespass on land, plaintiff testified that he occupied a piece of land, 26 by 107 feet, which he had had surveyed; that defendant used part of the land as a road, and was so using it before the survey; that defendant had made the road by filling; that defendant put a wagon on the road-way so that it stood partly on plaintiff's line as surveyed; that "defendant occupied the land south of mine, where the drive-way is, and I occupy 26 feet north, where the board fence was." *Held,* that plaintiff had neither possession nor title to sustain the action.

Appeal from Cattaraugus county court.

Action by James Danihee against John Hyatt for trespass on land. A judgment rendered by a justice of the peace in favor of plaintiff was affirmed by the county court, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*George W. Cole,* for appellant.　*T. H. Dowd,* for respondent.

CORLETT, J. In November, 1888, this action was commenced in a justice's court in the town of Salamanca, county of Cattaraugus, for trespass upon land. Issue was joined, and a trial had in December of the same year. The justice rendered a judgment in favor of the plaintiff for 6 cents damages, and $2.95 costs. The defendant appealed from the judgment to the county court, where it was affirmed. From the judgment of affirmance the defendant appealed to this court.

The complaint before the justice alleged, in substance, a trespass upon the following land: "Being situate upon the Alleghany Indian reservation, and upon the north side of the Alleghany river, and commencing on the south side of the highway leading from Great Valley station, upon the New York, Lake Erie & Western R. R., to Ellicottville, and to land occupied by Frank Quilter; thence running south, along the highway, twenty-six feet; thence west one hundred and seven feet; thence north twenty-six feet, to Quilter's land; thence east, one hundred and seven feet, to the place of beginning." The answer was a denial. The plaintiff was the only witness sworn on the trial. His testimony was as follows: "I live in Killbuck. I am the plaintiff in this action. I know the defendant. I have lived in Killbuck 12 or 13 years. I have lived where I now reside three or four years. I occupy a piece of land where I live. It is about 26 feet wide by 107 feet, from the center of the road back. I had it surveyed out. There were some stakes set by the surveyor between this land and Hyatt's, by the surveyor. I caused some posts to be set inside of the stakes set by the surveyor towards plaintiff's house. The defendant has drove across the land since the survey, and, since the posts were set for a fence, he drives his cattle across there, and used it for a path and road-way; he drew a wagon on the land described, so it was partly on this land and partly off it, and chained it up. This was about the time of the survey. This survey was in August, 1888. K. Kelsey made the survey." On his cross-examination he testified: "I do not keep a cow or horse. Have no barn. Hyatt keeps a team, wagon, and sleighs. He keeps them on the place by me. He has filled in and made a road with dirt. There has been no fence between us. The piece trespassed on is a three-cornered piece next to the road, and the road was built across the line of posts set for a fence. This wagon put on there stood in this drive-way, and part on the side of line of posts next to defendant's, and part next to plaintiff's. There was a board fence there once, on the north side, between me and Quilter, and I kept wood piled up there on that side, and had a clothes-line up. At the back end of my place there is a board fence between me and Quilter. I occupy twenty-six feet along the front. That is all. I occupy this land up to where the board fence used to be, and occupied 26 feet in front and the same in the rear.

The defendant occupied the land south of mine, where the drive-way is, and I occupy 26 feet north, where the board fence was." The defendant moved for a nonsuit upon the ground, among others, that the plaintiff had failed to show possession of the land upon which the alleged trespass was committed. The motion was denied. The evidence given upon the trial clearly shows that the whole of this road-way, upon which the trespass, if any, was committed, was used by the defendant; in fact, that he had made the road at this point for his own convenience and benefit. He kept a team, wagon, and sleighs. The plaintiff had nothing of the kind, having neither cow, horse, nor barn. There was no fence between the parties, and the plaintiff, for the purpose of establishing the line, caused a survey to be made, which evidently covered a part of the road-way used by the defendant. After the survey, the plaintiff put down posts, and the defendant continued to use the road as before.

The plaintiff, among other things, on his cross-examination testified: "The defendant occupied the land south of mine, where the drive-way is, and I occupied 26 feet north, where the board fence was." The plaintiff's evidence shows that before this survey the defendant occupied the land in question. The only possession the plaintiff ever had, so far as appears, was the causing the survey to be made, and the putting down of posts. The previous possession had been in the defendant. Under these circumstances it is entirely clear that the plaintiff failed to show such possession as would enable him to maintain trespass. He proved neither possession nor title. The only dominion he ever exercised over it, so far as appears, was the survey and the putting down of posts. It is elementary that every unauthorized entry upon the lands of another is a trespass, even though the damages are nominal. *Dixon* v. *Clow*, 24 Wend. 188; *Pierce* v. *Hosmer*, 66 Barb. 345. But the plaintiff did not bring himself within this rule, as he failed either to prove ownership or possession. It need not be said that, to maintain trespass, actual possession or title must be shown. *Edwards* v. *Noyes*, 65 N. Y. 125. Possession acquired by this survey did not vest in the plaintiff a right of action. *Stuyvesant* v. *Tompkins*, 9 Johns. 61; *Jackson* v. *Hazen*, 2 Johns. 22. This is not a case of conflict in the evidence, or where different inferences may be drawn from it; on the other hand, there is no evidence to sustain the verdict. *Rathbone* v. *Stanton*, 6 Barb. 141. The judgment of the county court, and the justice's, must be reversed, with costs. All concur.