ALDEN A. CAMPBELL, Appellant, v. WILLIAM S. EVANS, Respondent.

The provisions of the act of 1867, chap. 814, as to the seizure of animals running at large in the public highways, are constitutional and valid.

It is no objection to the proceedings to be instituted under the act, that personal notice to the owner or other claimant of the property is not made necessary by the act, or essential to the jurisdiction of the magistrates, or that such proceedings are to some extent summary.

(Argued April 11, 1871; decided April 25, 1871.)

APPEAL from a decision of the late General Term of the Supreme Court of the fifth judicial district, affirming a judgment for defendant, entered upon the report of a referee.

The action was replevin for three horses found by the defendant, an overseer of highways, running at large upon a public highway within his district, and seized and taken by him pursuant to chap. 814 of the Laws of 1867.

Immediately after making the seizure, the defendant made complaint, certified by his oath, to a justice of the peace of the town, stating the seizure of the property, describing it and the cause of such seizure, with a reference to the act, requesting a summons to the owner to appear and show cause why they should not be sold, etc.

A summons was issued by the justice, reciting the complaint and requiring the owner of the animals, or any party having an interest in them, to show cause why they should not be sold at a time specified, more than ten days from the time of issuing the same. One Ashley, who was a constable, made oath in writing that on a day specified, which was more than ten days before the return day of the summons, he served the same by posting a copy thereof in six public and conspicuous places in the town, one of said places being the district school-house, "nearest to said premises."

On the return day, the plaintiff appeared, but for no other purpose than to object to the jurisdiction of the court, and particularly on the ground that the proceedings were based

upon an insufficient complaint. The objections were over-ruled and the plaintiff thereupon refused to take any further part in the proceedings, and withdrew. The justice proceeded to hear the proofs of the complaint and gave judgment for the amounts allowed by the act, amounting in the aggregate to $30.50, including the penalty imposed upon the owner for suffering and permitting the animals to run at large. A warrant was thereupon issued and delivered to a constable for the sale of the property. After the judgment, and before the issuing of the warrant, the plaintiff demanded the horses of the defendant, and upon his refusal to deliver them, brought this action. The cause was tried by a referee, who gave judgment for the defendant, which was affirmed by the Supreme Court, and from the latter judgment the plaintiff appealed to this court.

*W. Porter*, for the appellant, cited as to the unconstitutionality of the act, *Rockwell* v. *Nearing* (35 N. Y., 302); *McConnell* v. *Van Aerman* (56 Barb., 535, note *a*); *Levitt* v. *Thompson* (56 id., 542); *Taylor* v. *Porter* (4 Hill, 140); *In the matter of the Empire City Bank* (18 N. Y., 216); *Westervelt* v. *Gregg* (2 Kern., 209, 212).

*G. N. Kennedy*, as to the constitutionality of the act, cited *Rockwell* v. *Nearing* (35 N. Y., 302); *U. S. Trust Co.* v. *U. S. Fire Ins. Co. of N. Y.* (18 N. Y., 199).

ALLEN, J. The act of 1867 (chap. 814), under which the defendant seized the plaintiff's horses, was passed to avoid the objections which this court, at the preceding March term, had held fatal to the act of 1862 (chap. 459), so far as the same authorized the seizure and sale of animals trespassing on the lands of others. The vice of that act was that it did not provide for a notice to the owner, or a judicial condemnation of the property, or an adjudication of the right to sell, but permitted a sale without giving a hearing to the owner, and without process or warrant. It is true that the court

did not decide that the same provisions for the seizure and sale of animals found running at large in public highways, streets and parks, would be subject to the same condemnation, but, in terms, left that question undecided. (*Rockwell* v. *Nearing*, 35 N. Y., 302.) The amendatory act of 1867 was designed to give that " due process of law " for the condemnation and sale of animals liable to seizure and sale under its provisions, without which no person can be deprived of life, liberty or property. (Constitution, act 1, § 6.) It is not denied that the legislature had the constitutional right to prohibit the running at large of cattle in the streets and public highways of the State, and enforce the same by penalties.

It must be regarded as within the legitimate power of legislative action to protect, by proper laws and under suitable penalties, the public highways of the State, and secure to the people the free and unimpeded use of them. The subject-matter of the act was within the general powers vested in the legislature to pass such acts as, in their judgment, will conduce to the welfare of the citizens and the public good ; and in its general scope and terms, its purpose and object, it is not repugnant to or forbidden by the Constitution. (*Rockwell* v. *Nearing*, *supra* ; *Commonwealth* v. *Alger*, 7 Cush., 53.)

The only question on this branch of the case is, whether in the provision made for enforcing the law and giving it practical effect, the act does secure to the party whose property is seized that judicial investigation and determination to which he is entitled under the Constitution, before he can be deprived of his property.

Property cannot be confiscated by act of the legislature, or taken from the rightful owner without a forensic trial and judgment, a trial by the ordinary modes of judicial proceeding. (*Taylor* v. *Porter*, 4 Hill, 140 ; *Wynehamer* v. *People*, 3 Kern., 378.)

In *Westervelt* v. *Gregg* (2 Kern., 202), it was said that " due process of law undoubtedly means, in the due course of

legal proceedings according to those rules and forms which have been established for the protection of private rights." The law does provide for a judicial investigation and a final judgment as a prerequisite to the sale of the property, and only authorizes a sale upon process issued by the magistrate on execution of the judgment.

It is no objection to the proceedings that personal notice to the owner or other claimant of the property is not made necessary by the act, or essential to the jurisdiction of the magistrate, or that the proceedings are, to some extent, summary. The proceedings are in the nature of proceedings *in rem*, the penalty or forfeiture attaching to and being a lien upon the offending animals. The owner may or may not be known; the animals are not in the actual possession and custody of any one, either as owner or otherwise; they are "running at large." In analogy to proceedings in other cases *in rem*, or for enforcing specific liens upon or forfeiture of property, the legislature has provided for notice, in such form and for such length of time as they thought reasonable, and best calculated to inform the owner of the proceedings, and give him an opportunity to be heard; and the mode and manner of giving the notice is neither untenable or illusory.

In admiralty and maritime proceedings, a citation by posting, as prescribed by the practice of the court, is a very usual way of acquiring jurisdiction; and, under the statutes of this State, there are various proceedings, both *in rem* and *in personam*, in which the party to be affected only has notice, by a publication or posting, of the summons or notice. Judge DENIO, in *The Matter of the Empire City Bank* (18 N. Y., 215), refers to several proceedings of this character; and other examples of the same kind might be cited. Judge DENIO says, in the case cited, " When the legislature has prescribed a kind of notice by which it is reasonably probable that the party proceeded against will be apprised of what is going on against him, and an opportunity is afforded to defend, I am of opinion that the courts have not the power to pronounce the proceeding illegal." The principle is the same when the

proceeding is against property. A person whose cattle have been seized will be very likely to learn the fact, and of the proceedings against them, if notices are posted in six conspicuous places in the town for ten days or more. But it was peculiarly within the province of the legislature to prescribe the notice, and direct the manner of service.

The statute seems, by implication, if not directly, to require the summons to be posted for ten days.

The only object of requiring a given number of days between the issuing and return of the process is, that it may be the more likely to come to the knowledge of the party to be affected by the proceeding. This purpose can only be accomplished by a service, as well as by an issue; and, although it need not be decided in this case, such will probably be the decision should the question ever arise. Such reasonable construction should be given the act as to uphold it and carry out the intent of the legislature, rather than that which will render it void, or cause it to work an injustice, in opposition to the intent of its framers. The legislature had clearly the right to prohibit animals from running at large on the public highways; to enforce the observance of the act by penalties; to make the penalties a lien upon the cattle found running at large in violation of the act; and to authorize a distress and sale of the property for the payment of the penalties. In the act of 1867, they have exercised this power, and have, by the same act, carefully protected the right of the owner, and guarded against a sale by which he would be deprived of his property, except by the judgment of a court in the ordinary course of judicial proceedings, after an opportunity to defend, and upon a warrant to a proper officer in execution of the judgment. The judge has found that the defendant was an overseer of highways; that the horses were found by him running at large within his district; and that he seized and took them, in the proper discharge of his duty; and, as conclusion of law, that the act under which he proceeded was constitutional, and that he was entitled to judgment for a return of the property and damages for its detention.

The other findings of fact and conclusions of law are surplusage. The defendant justifies the seizure and detention of the property by virtue of his office under the statute, and not under the proceedings and judgment of the justice. His acts gave jurisdiction to the justice, and his authority is derived from the statute, and not from the acts of the magistrate. There is no complaint that, by any unlawful act or omission of duty after the seizure, he became a trespasser *ab initio*. The judge, in his findings of fact and conclusions of law, incorporated in the judgment-roll, finds that the defendant's interest in the property was thirty dollars and fifty cents, and that he is entitled to judgment for a return of the property, or the value of his interest therein, to the amount named. No objection or exception was made or taken to this part of the finding, and it is not made a part of the case. The judge, had there been no judgment by the justice, might have assessed the penalty under the statute; but, in the present case, he probably has taken the judgment of the justice as evidence of the amount of the penalty lawfully chargeable upon the property. There was no question made upon the trial as to the amount of the lien, if the defendant was entitled to a judgment for a return. The main question intended to be presented by the contest, to wit, the validity of the law, was fairly presented, and is before us upon this appeal. The questions touching the regularity of the proceedings before the justice were incidentally presented, but the action was not brought to test them; and, as a decision of these, either way, would not affect the justification of the defendant, or deprive him of the shield of the statute under which he acted, they need not be considered.

The judgment must be affirmed.

ANDREWS, J., did not sit; FOLGER, J., did not vote; all the others concurring,

Judgment affirmed.