## Pierce *vs.* Hosmer.

The plaintiff's horse, while trespassing upon the premises of the defendant, was taken by the latter into his possession, as a trespasser, and he refused to deliver the animal, on demand. In an action of replevin, brought by the plaintiff, the judge found the fact that the horse "was trespassing and doing damage." *Held* that there was no error in the finding; although there was no proof of any specific damage done by the horse.

*Held, also,* that under the act to prevent animals from running at large in the public highways, it was lawful for the plaintiff to seize and take into his custody, and retain till disposed of by law, an animal which was trespassing upon premises owned or occupied by him.

Some damage, at least nominal, is always presumed from a trespass on land. Hence an action is maintainable, on mere proof of the trespass. *Per* Talcott, J.

APPEAL from a judgment rendered at the Cayuga circuit on a trial before Dwight, J., without a jury.

*Wood & Rathbun,* for the appellant.

*Chas. F. Durston,* for the respondent.

*By the Court,* Talcott, J. This is an action known as an action of replevin. The facts were agreed upon.

Pierce *v.* Hosmer.

The plaintiff's horse was trespassing upon the premises of the defendant; whereupon the defendant took him into his possession as a trespasser about 8 o'clock A. M., and as such detained him, on the same premises. The plaintiff demanded the horse of the defendant about noon. He refused to deliver the horse, upon the ground that he was detaining him as a trespasser, and in the afternoon of the same day the plaintiff commenced this suit.

The justice, at the trial, ordered a judgment for the defendant, dismissing the complaint, with costs. The only point made by the appellant is, that there was no proof of any specific damage done by the horse. The court found the fact that the horse "was trespassing and doing damage." This the appellant claims was error, because, he says, there was no evidence of damage. But there was no error in the finding of the fact. Some damage, at least nominal, is always presumed from a trespass on land. So that an action is maintainable on mere proof of the trespass. But the finding was wholly immaterial.

The second section of the act to prevent animals from running at large in the public highways, expressly provides that it shall be lawful for any person to seize and take into his custody, and retain till disposed of as required by law, "any animal which may be trespassing upon premises owned or occupied by him."

The judgment must be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]