The constitutionality of the act of 1867, which amends the act of 1862 "to prevent animals from running at large in the public highways," has been affirmed by recent decisions in this court, and it has been held to authorize the seizure of cattle trespassing upon private inclosures when they entered from the highway, as well as when found running at large therein. (Campbell v. Evans, 45 N.Y., 356; Cook v. Gregg,
46 id., 413; Jones v. Sheldon,* Ct. Appeals, December, 1872.)
The only question to be considered, is whether the defendant held the cattle under the authority of the act of 1867 when the action was commenced. *Page 65 
It was assumed upon the trial, and the fact is found by the referee, that they entered upon the plaintiff's premises from the highway, and while trespassing there were taken by the defendant into his custody.
The second section authorizes any person to seize and take into his custody any animal which may be trespassing upon premises owned or occupied by him, and to retain them "till disposed of as required by law."
The seizure was lawful, and the detention could only become tortious by some subsequent act or omission of the defendant.
The statute makes it the duty of the captor to make immediate complaint, in writing, to a justice of the peace of the town where the seizure was made, on oath, stating the facts, and declares that the justice shall "thereupon have jurisdiction to hear and determine such matter."
The complaint was made the morning after the evening of the seizure, and a summons to show cause was issued by the justice, returnable before him at a time stated; but no place was specified in the summons as required by the act.
This action was brought before the return-day of the summons, and two grounds are urged in support of it:
1. That the summons was irregular; and, 2. That the defendant, when the cattle were demanded by the plaintiff, refused to deliver them unless he was paid five dollars, claiming it as the penalty under the statute.
First. The duty imposed upon the defendant was performed when he made the complaint required by statute. He did not hold the cattle under the process issued by the magistrate, but by virtue of the original seizure which the statute authorized him to make.
The irregularity in the summons was the act of the officer, for which the defendant was not responsible, and his right to hold the cattle pending the proceedings before the justice was not affected thereby.
We are not called upon to consider whether a purchaser on *Page 66 
a sale under a judgment in the proceedings, if the owner had not appeared, would have acquired a good title.
The same considerations apply to the objection founded upon the omission to post the summons as required by the statute.
Second. The statute points out the methods by which the owner of an animal seized may regain possession of his property.
The fourth section declares that he may at any time before the justice shall proceed to the hearing upon the return of the summons demand and shall be entitled to the possession, "upon the payment to said justice of the several sums * * * required to be paid to the said justice and constable, and to the person or officer by whom the seizure shall have been made, and the penalty aforesaid, when such seizure is made by any officer, together with a reasonable compensation to the person or officer making such seizure for the care and keeping of such animal, to be ascertained and fixed by such justice, and upon making to that justice satisfactory proof of ownership," and then provides for the restoration after the return-day of the summons, and before the sale, when the owner did not appear, and he excuses his non-appearance.
It is the reasonable construction of this section that the owner of the animal seized may, before the return-day of the summons, become entitled to the return of his property by paying to the justice the several sums specified in the act, and the penalty (when the seizure was by an officer), together with the compensation, to be ascertained by the justice, for the care and keeping of the animal.
The defendant was authorized to retain the property until "disposed of as required by law," and his right to retain it terminated when the owner had complied with the statute, and not before.
It was for the plaintiff, if he desired to regain possession, to have the compensation to the owner ascertained and to pay it to the justice with the other charges specified, and if the defendant after notice of this proceeding had *Page 67 
refused to deliver the cattle to the plaintiff, an action to recover the possession could be maintained.
This was not done, and the defendant's right to the possession was not affected by his refusal to deliver the cattle except upon the condition that the plaintiff should pay a greater sum than he could lawfully demand, or that he required the payment of a sum as a penalty when by the act no penalty could be demanded, and although no sum whatever was payable directly to him.
The primary duty to act was upon the plaintiff, and the refusal of the defendant, although coupled with an unlawful condition, did not make him a trespasser ab initio. (Six CarpentersCase, 8 Co., 147; Gulliver v. Cosen, 1 M., Gr. Scott, 788.)
The judgment should be reversed.
All concur.
Judgment reversed.
* 50 N.Y., 477.