ABEL R. BOYCE, Respondent, *v.* ZENO PERRY, Appellant.

(County Court, Franklin County, February, 1899.)

1. Justice's Court — Demurrer to answer.

In a Justice's Court the plaintiff can interpose no demurrer to an answer unless it is based upon one or more counterclaims.

2. Replevin for animals — Defense that they were trespassing and are held, under a lien, for the damages.

In replevin for animals, a defense that the defendant distrained them while trespassing on his land and that he detains them under a lien created by the Town Law (Laws of 1890, chap. 569) for the damages done, is a valid defense which cannot be defeated by the improper allowance of a demurrer to the answer.

ACTION was begun in a Justice's Court, before M. A. Martin, Esq., justice of the peace in and for the town of Malone, for the replevin of certain animals found by appellant doing damage upon his property.

The complaint, although containing some inconsistencies, may perhaps be considered in the absence of objections thereto as sufficient for the purposes intended. It contains the statement that "plaintiff was the owner *and in the lawful possession*" of the animals for the recovery of which this action was brought.

The defendant filed an answer to the complaint, admitting the ownership of the property by plaintiff, but denying that plaintiff was entitled to the possession of the property, thereby raising an issue. The defendant further answering the plaintiff's complaint

alleged, that he was at the time of the commencement of the action and for a long time prior thereto, the owner and in possession of certain lands and premises in the town of Belmont; that on or about August 10, 1898, four sheep and three lambs came upon his premises and did damage; that he distrained said animals and notified the plaintiff of the fact in writing; that he also served a notice upon the town clerk, containing such statements as are required by law to create a lien upon animals for damages done upon premises of a person not the owner, as provided by chapter 569, Laws of 1890; and further alleging that he was in the lawful possession of said animals.

To the defendant's answer, the plaintiff filed a demurrer in the following language:

" 1. On the face thereof it is insufficient in law, and constitutes no defense to said action.

" 2. It fails to set forth a cause of action or defense against the plaintiff to the cause of action alleged in the complaint.

" 3. It fails to allege that the defendant has complied with the statute, distraining cattle for damages done to adjoining owners of lands, of which defendant admits and concedes before the court that his lands and plaintiff's lands adjoin where the cattle got over.

" 4. Admitting the whole of that portion of the answer to be true, it is neither a whole or a partial defense to the plaintiff's cause of action."

The court awarded judgment to the plaintiff upon the demurrer, and after hearing the whole case, rendered judgment that plaintiff was entitled to the immediate possession of the animals, and that defendant should pay $1 as damages for their detention, besides $8.55 costs, in all amounting to $9.55.

The defendant appeals from the judgment upon the demurrer, and from the final judgment in favor of the plaintiff and against him for costs.

John I. Gilbert, for appellant.

M. T. Scanlon, for respondent.

BEMAN, J. The animals in question were arrested or distrained by defendant while trespassing and doing damage upon his premises. The animals came upon the premises of defendant from the lands owned or occupied by the plaintiff, and it is not proven in the case that the route of access to defendant's premises was through

any part of a division fence, which the defendant was bound to maintain, or that they came upon his lands through any fault or neglect upon his part.

Finding these animals doing damage on his lands, defendant availed himself of chapter 569 of the Laws of 1890, for the purpose of detaining the property until he should receive compensation from the owner to satisfy his demand for damages sustained by reason of the trespass. Instead of rendering defendant satisfaction for his loss, plaintiff brings this action in replevin to recover the possession of the property and for damages for the detention thereof.

Upon the trial before the justice, defendant relied upon the matter set forth in his answer as a good and substantial defense to plaintiff's alleged cause of action, and had he, defendant, been permitted to establish as facts the matter set forth in his answer, judgment only could have been rendered against the plaintiff, and for defendant, with costs.

The plaintiff mistook the practice when he filed a demurrer to defendant's answer, which contained matter constituting a defense, as his proceedings for distraining the animals were legal and in accordance with chapter 569, Laws of 1890, which statute is applicable to cases of this character. The only pleadings in a Justice's Court are:

1. The plaintiff's complaint.

2. The defendant's answer.

3. The defendant's demurrer to the complaint, etc.

4. The plaintiff's demurrer to one or more *counterclaims* stated in the answer.

The only authority for a demurrer to defendant's answer in this action is contained in subdivision 4 of section 2935, Code of Civil Procedure. Clearly, there is nothing in defendant's answer to which that subdivision can be made applicable, as defendant's answer contains a simple defense based upon the provisions of the Laws of 1890, above cited.

It follows then that the demurrer should have been overruled or dismissed, and the justice erred in sustaining the same, thereby actually denying defendant the benefit of his defense in the action. In sustaining the demurrer, the justice practically anticipated the whole case, and defeated the defendant of his just and legal rights.

The plaintiff's (respondent's) contention on this appeal is that defendant, after distraining the animals found upon his prem-

ises, should have proceeded under the provisions of 2 R. S. 351, and not under the act of 1890, above cited. In this, plaintiff is mistaken and unsupported by authorities, as the provisions of the Revised Statutes cited, more particularly apply to cattle straying upon the public highway, rather than to cattle trespassing upon private property. The act of 1867, chapter 814, section 2, gave the right to a person finding cattle trespassing upon his premises to seize and take such animals into his custody and hold them until disposed of according to law. Chapter 569 of the Laws of 1890, now called the Town Law, contains in modified language the substance of all previous acts of the legislature concerning strays and cattle doing damage, etc., etc., and supersedes all former laws in that regard if really it does not practically repeal them. The Town Law certainly renders all earlier statutes inoperative and nugatory.

Where there are no express provisions in an act repealing a former law, and the provisions of the two laws are in conflict, the later act must prevail; but it need not be said that the provisions of section 120 of the Town Law (Act of 1890) are in conflict with any former statute, as it appears that it was the intention of the legislature to enlarge and modify the provisions of still earlier enactments concerning strays and cattle doing damage so as to bring them into harmony by the enactment of the provisions of chapter 569, Laws of 1890.

It seems to me apparent that such was the real purpose, as section 242 of that act provides that " The provisions of this chapter, so far as they are substantially the same as those laws existing on February 28, 1891, shall be construed as a continuation of such laws, *modified* or amended, according to the language employed in this chapter, and not as new enactments." R. S., vol. 1, p. 785, Banks & Bros. 9th ed.

From the foregoing, I can only arrive at the conclusion that defendant's proceedings were valid in distraining the animals, and that he had a good and substantial defense to plaintiff's action; that the judgment sustaining plaintiff's demurrer to defendant's answer should be reversed and the final judgment in the action awarding possession of the property to the plaintiff, with damages for the detenuon, with costs of the action, should be reversed, but inasmuch as the appeal from both judgments is incorporated in one notice of appeal, costs are allowed for one appeal only, and it is so ordered.

Judgment reversed, with costs for one appeal only.