LYNCH v. FORD et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. STRAY ANIMALS—SEIZURE AND DETENTION—DEFENSES—ESTOPPEL.

Code, § 3085 et seq., provides that when animals are found running at large the person seizing them shall immediately file with a justice of the peace a written petition, etc. The town law (Laws 1890, c. 569, §§ 120, 121) provides that whenever animals stray on a person's land he may seize and detain them, asserting a lien, etc. Held, that the mere fact that the defendant who seized and detained plaintiff's animals, which had strayed onto his land, told plaintiff that he had telephoned to a justice of the peace, and that the property would be disposed of according to law, would not preclude defendants from defending an action of replevin brought against them on the basis of the town law.

2. SAME—DEFENSES—SUFFICIENCY.

The town law (Laws 1890, c. 569, § 120) provides that wherever any person shall find strayed animals on his land, and such animals shall not have come thereupon from adjoining land, where they were properly kept, by reason of his refusal or neglect to make or maintain a division fence, such person may have a lien on such animals by reason of the damage done, for his reasonable charges for keeping them, and for all fees and costs, and may keep them until the lien is satisfied. Section 121 allows him five days in which to file notice of lien. The other provisions of the law relate to the redemption and disposition of the property. Held that, where plaintiff's animals came onto defendants' property from a highway, and did damages, and were taken into custody by defendants, and no offer to redeem was made, and plaintiff instituted replevin before the expiration of the five days allowed for filing notice, the statute was a good defense.

Appeal from trial term, Westchester county.

Replevin by John Lynch against William W. and Mary C. G. Ford. From a judgment in the county court affirming a justice's judgment for plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William H. Crane, for appellants.

Rawson L. Smith (David H. Hunt, on the brief), for respondent.

WOODWARD, J. It appears that on the 10th day of July, 1901, the mare and colt of the plaintiff wrongfully came upon the property of the defendants in the town of Harrison, in Westchester county; that in pursuance of statutory provisions the defendants proceeded to remove the animals to their barns, and there to retain them, under the assertion of a lien, until they were redeemed, or turned over to their owner according to law. On the same and the following days the plaintiff called upon the defendants, and requested his horses, but it does not appear that he ever made a legal offer to redeem the property. On the 13th day of July the plaintiff brought an action in replevin to gain possession of the property thus detained, and after a trial in a justice's court judgment was rendered in favor of the plaintiff. Upon appeal to the county court and a trial therein, judgment was again rendered in favor of the plaintiff. This court is now called upon to pass upon the appeal. In arriving at a conclusion we must take into account, chiefly, the statutes governing strays, and the method of enforcing liens thereon, and, applying these requirements to the facts in this case, ascertain whether the defendants were or were not justified in detaining the animals in question until they were legally redeemed or otherwise disposed of. It is urged by the plaintiff that, inasmuch as one of the defendants told the plaintiff that he had telephoned to a justice of the peace, and that the property would be disposed of according to law, the defendants are now, or were at the trial, precluded from defending their action in the premises on the basis of the town law. We do not think the mere fact that the defendants telephoned to a justice of the peace, and made the remarks attributed to one of them, could in any way affect their legal rights or remedies. The Code (section 3085 and subsequent sections) makes provision for actions against a person "who suffers or permits one or more cattle, horses," etc., "to run at large," and it is provided that, when such animals are found running at large, and are seized in the manner prescribed, the officer or person so seizing them "must immediately file, with a justice of the peace of the town in which the seizure was made, a written petition, verified by his oath," etc. Section 3086. This the defendants had not done before the replevin action was instituted by the plaintiff. The defendants contend that they were acting under the provisions of the town law (sections 120, 121, c. 569, Laws 1890). Section 120 of the town law reads as follows:

"Whenever any person shall have any strayed horses, cattle, sheep, swine or other beasts upon his inclosed land, or shall find any such beast on land owned or occupied by him doing damage, and such beast shall not have come upon such lands from adjoining lands, where they are lawfully kept,

by reason of his refusal or neglect to make or maintain a division fence required of him by law, such person may have a lien upon such beasts for the damage sustained by reason of their so coming upon his lands and doing damage, for his reasonable charges for keeping them, and all fees and costs made thereon, and he may keep such beasts until such damages, charges, fees and costs are paid, or such lien is foreclosed, upon complying with the provisions of this article relating thereto."

The further provisions of the town law relate to the manner of redeeming and disposing of strays in the possession of one upon whom they have trespassed. In this instance the plaintiff did not redeem his property, and, acting under the provisions of the town law (section 121), the defendants had five days after they took possession of the animals in which to file the legal notice of their lien, subject, of course, to the right of redemption of the property in the meantime. Before the expiration of the five days the plaintiff had instituted a replevin action. It is clear that the animals were on the property of the defendants, that they came from the highway, and that they were doing damage when taken into custody by the defendants. If the town law is of any purpose or effect, it must be to cover cases of this character. Its provisions are simple, and, inasmuch as no question was raised upon the trial to the sufficiency of the defendants' answer, we can arrive at but one conclusion, and that is that the contention of the defendants is justified, and must be sustained. A careful reading of the town law, the Code provisions, and the cases cited leads irresistibly to this conclusion. See, also, Boyce v. Perry, 26 Misc. Rep. 355, 57 N. Y. Supp. 214; Coles v. Burns, 21 Hun, 246; Rockwell v. Wearing, 35 N. Y. 302; Cook v. Gregg, 46 N. Y. 439; Leavitt v. Thomson, 52 N. Y. 62; Pierce v. Hosmer, 66 Barb. 345.

The judgment should be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.