John Lynch, Respondent, v. William W. Ford and May C. G. Ford, Appellants.

*Lien of the owner of land upon horses straying from the highway upon it — effect of a statement by such owner that the property would be disposed of according to law.*

In an action to replevin two horses owned by the plaintiff, it appeared that the horses had strayed from the highway upon the defendants' premises, and that the defendants took possession of them under a claim that they were entitled to a lien thereon. After the defendants took possession of the horses, the plaintiff demanded the return thereof, but did not make a legal offer to redeem them.

The defendants claimed to have acted under sections 120 and 121 of the Town Law (Laws of 1890, chap. 569), by which sections they were required, if the animals were not redeemed within five days, to file their notice of lien. Before the expiration of the five days the plaintiff had instituted the replevin action.

*Held,* that a judgment in favor of the plaintiff should be reversed;

That the defendants were entitled to a lien upon the property under the provisions of the Town Law;

That the fact that, after the seizure of the horses, one of the defendants told the plaintiff that he had telephoned to a justice of the peace and that the property would be disposed of according to law, did not preclude the defendants from defending their acts in the premises, on the basis of the Town Law.

Appeal by the defendants, William W. Ford and another, from that portion of a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 16th day of September, 1901, upon the verdict of a jury rendered by direction of the court, which adjudged that the plaintiff have and retain the possession of the personal property described in the complaint and that he recover of the defendants the costs of the action.

*William H. Crane,* for the appellants.

*Rawson L. Smith* [*David H. Hunt* with him on the brief], for the respondent.

Woodward, J.:

It appears that on the 10th day of July, 1901, the mare and colt of the plaintiff wrongfully came upon the property of the defendants in the town of Harrison in Westchester county; that, in pursuance of statutory provisions, the defendants proceeded to remove

the animals to their barns and there to retain them, under the assertion of a lien, until they were redeemed or turned over to their owner according to law.

On the same and the following days the plaintiff called upon the defendants and requested his horses, but it does not appear that he ever made a legal offer to redeem the property.

On the thirteenth day of July the plaintiff brought an action in replevin to gain possession of the property thus detained, and after a trial in a Justice's Court judgment was rendered in favor of the plaintiff. Upon appeal to the County Court and a trial therein, judgment was again rendered in favor of the plaintiff.

This court is now called upon to pass upon the appeal. In arriving at a conclusion we must take into account, chiefly, the statutes governing strays and the method of enforcing liens thereon, and, applying these requirements to the facts in this case, ascertain whether the defendants were or were not justified in detaining the animals in question until they were legally redeemed or otherwise disposed of.

It is urged by the plaintiff that as inasmuch as one of the defendants told the plaintiff that he had telephoned to a justice of the peace and that the property would be disposed of according to law, the defendants are now, or were at the trial, precluded from defending their action in the premises on the basis of the Town Law. We do not think the mere fact that the defendants telephoned to a justice of the peace and made the remarks attributed to one of them could in any way affect their legal rights or remedies.

The Code (§ 3082 and subsequent sections) makes provision for actions against a person " who suffers or permits one or more cattle, horses," etc., " to run at large," and it is provided that when such animals are found running at large and are seized in the manner prescribed, the officer or person so seizing them " must immediately file, with a justice of the peace of the town in which the seizure was made, a written petition, verified by his oath," etc. (§ 3086.) This the defendants had not done before the replevin action was instituted by the plaintiff.

The defendants contend that they were acting under the provisions of the Town Law (Laws of 1890, chap. 569, §§ 120, 121). Section 120 of the Town Law reads as follows: " Whenever any person

shall have any strayed horses, cattle, sheep, swine or other beasts upon his inclosed land, *or shall find any such beast on land owned or occupied by him doing damage,* and such beast shall *not have come upon such lands from adjoining lands,* where they are lawfully kept, by reason of his refusal or neglect to make or maintain a division fence required of him by law, such person may have a lien upon such beasts for the damage sustained by reason of their so coming upon his lands and doing damage, for his reasonable charges for keeping them, and all fees and costs made thereon, and he may keep such beasts until such damages, charges, fees and costs are paid, or such lien is foreclosed, upon complying with the provisions of this article relating thereto."

The further provisions of the Town Law relate to the manner of redeeming and disposing of strays in the possession of one upon whom they have trespassed. In this instance the plaintiff did not redeem his property, and acting under the provisions of the Town Law (§ 121) the defendants were required, if the animals were not redeemed within five days, to file their notice of lien. Before the expiration of the five days the plaintiff had instituted a replevin action.

It is clear that the animals were on the property of the defendants, that they came from the highway and that they were doing damage when taken into custody by the defendants.

If the Town Law is of any purpose or effect it must be to cover cases of this character. Its provisions are simple, and inasmuch as no question was raised upon the trial to the sufficiency of the defendants' answer, we can arrive at but one conclusion, and that is, that the contention of the defendants is justified and must be sustained.

A careful reading of the Town Law, the Code provisions and the cases cited leads irresistibly to this conclusion. (See, also, *Boyce* v. *Perry,* 26 Misc. Rep. 355; *Coles* v. *Burns,* 21 Hun, 246; *Rockwell* v. *Nearing,* 35 N. Y. 302; *Cook* v. *Gregg,* 46 id. 439; *Leavitt* v. *Thompson,* 52 id. 62; *Pierce* v. *Hosmer,* 66 Barb. 345.)

The judgment should be reversed.

All concurred.

Judgment of the Westchester County Court reversed and new trial ordered, costs to abide the event.