JAMES BURNS, Respondent, *v.* AMBROSE MORROW, Appellant.

(County Court, Oneida County, February, 1904.)

Animals straying upon the highway — Insufficient petition of a person who seized them — Code Civ. Pro., §§ 3084, 3085.

A petition, made in a proceeding taken under Code Civ. Pro., ch. 19, tit. 10, relative to animals straying upon the highway, which alleges that two heifers seized by the petitioner "were being pastured on the lot owned by Mrs. Alice Burns and occupied by your petitioner * * * having entered said lot from the highway", fails to allege facts necessary to authorize the seizure of the heifers, as the only cases in which the petitioner is authorized by sections 3084 and 3085 of said Code to seize the heifers are where they were being pastured in a highway bordering upon real property owned or occupied by him or were then trespassing upon real property so owned or occupied having entered thereon from the highway, and the petition fails to allege either alternative or that the heifers were wrongfully there.

42

County Court, Oneida County, February, 1904.     [Vol. 42.

APPEAL from a final order of Justice A. L. Easingwood, of the town of Kirkland, directing the sale of two heifers of the appellant which had been seized pursuant to chapter 19, title 10, of the Code of Civil Procedure, in relation to animals straying upon the highway.

D. E. Powers, for appellant.

Martin & Ives (L. M. Martin, of counsel), for respondent.

DUNMORE, J.     Section 3084 of the Code of Civil Procedure provides that where one or more cattle, horses, colts, asses, mules, swine, sheep or goats are found running at large, or being herded or pastured in a public street, highway, park or place elsewhere than in a city, the overseer of highways of the road district, or, if they are so found within an incorporated village, the street commissioner thereof, having personal knowledge, or being notified of the fact, must immediately seize the animal or animals and keep it or them in his possession, until disposed of as prescribed in the following sections of this title.

Section 3085 provides that " Any person may seize one or more animals specified in the last section, then running at large, or being herded or pastured, in a public street, highway, park or place, elsewhere than in a city, bordering upon real property owned or occupied by him; or then trespassing upon real property so owned or occupied, having entered thereupon from such a public street, highway, park or place. The person making the seizure, must keep the animal or animals seized in his possession, until disposed of as prescribed in the following sections of this title."

The respondent was authorized to seize the animals in question under those sections providing they were *being pastured in a public street, highway,* etc., or *were trespassing upon real property owned or occupied by him, having entered thereupon from such public street, highway,* etc.

The petition fails to allege either fact which was necessary to authorize the seizure, but alleges that the heifers " were *being pastured on the lot owned by Mrs. Alice Burns and*

*occupied* by your petitioner * * * having entered said lot from the highway," etc. The petition fails to allege that the animals were wrongfully there. It, therefore, fails to allege facts which justified their seizure as required by section 3086 of the Code of Civil Procedure.

In Coles v. Burns, 21 Hun, 246, it was held that such statutes as these are in derogation of the common law for the protection of private rights, and must be strictly construed. In that case the affidavit failed to allege that the animals in question escaped from the highway, and it was held that the justice's jurisdiction depended upon that fact, and that it was improper to amend the complaint by inserting that allegation at the time the owner answered.

Leavitt v. Thompson, 52 N. Y. 62, was an action brought to recover possession of the property seized before the trial before the justice, and in that case it was held that, the seizure of the animals being lawful, the defendant was entitled to hold them as against the owner pending the proceedings before the justice, even though some of the justice's proceedings were irregular. But the court added: "We are not called upon to consider whether a purchaser on a sale under a judgment in the proceedings, if the owner had not appeared, would have got a good title." In other words, the court in that case was not as we are here reviewing the regularity of the proceedings before the justice.

The final order of the justice must be reversed for the reason that the petition failed to allege facts which brought the case within either of the sections of the Code of Civil Procedure above cited.

Order reversed.