THE CITY OF NEW YORK, Appellant, *v.* EMMA M. H. WRIGHT et al., Respondents, Impleaded with Another.

Real property — title — constitutional law — jurisdiction — ejectment — registration of title to land — proceedings under article 12 of Real Property Law — no denial of due process by reason of statutory provisions for service of notice — requirements of notice by publication and registered mail reasonably adapted to end in view — compliance with statutory provisions sufficient to confer jurisdiction — omission of official examiner to discover and report that plaintiff had interest in land under water, of itself, neither actual nor constructive fraud — action for ejectment — defense that title to land in suit had been registered in one of defendants — complaint properly dismissed.

1. There is no denial of " due process " in proceedings conducted under article 12 of the Real Property Law to secure registration of the

title of land, by reason of the statutory provision for service of notice. All that is required when the subject-matter is land within the State is that the service shall be reasonably adequate to assure notice of the proceeding to those whose rights are to be affected and the statutory requirements of notice by publication and by registered letter, demanding a return, to all parties interested, are reasonably adapted to the attainment of the end in view.

2. An argument that the signer of the return card may have signed without authority is without weight. The requirements of the law were satisfied when the notice, duly registered, with due demand for a return, was deposited in the mails, and there was jurisdiction to proceed to judgment.

3. Nor can it be successfully argued that the proceeding is voidable for fraud by reason of the failure of the official examiner to discover and report that the plaintiff herein had an interest in land under water as well as in the abutting streets. There is no suggestion that the error was willful or dishonest, and the omission in and of itself is not fraud, either actual or constructive. Furthermore the plaintiff was not misled or is not shown to have been misled by the description of its interest in the examiner's report.

4. In an action in ejectment, therefore, where the city of New York sought to obtain possession of land now or formerly under water, defended upon the ground that, by a final order in proceedings under article 12 of the Real Property Law, title to the land in suit had been registered in one of the defendants, the complaint was properly dismissed.

*City of New York* v. *Wright*, 214 App. Div. 775, affirmed.

(Argued May 12, 1926; decided June 1, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 1, 1925, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial without a jury

*George P. Nicholson, Corporation Counsel (John J. Mead* of counsel), for appellant. The certificate of registration cannot be " final " and unassailable under our system of jurisprudence. The Legislature has no power to declare what shall be conclusive evidence. (Cooley on Const. Lim. [5th ed.] 454, 455; *Chicago, Mil. & S. P. Ry.* v. *Minnesota*, 134 U. S. 418; *State* v. *Monnett & Guilbert,*

6

56 Ohio, 575; *Barkenthien* v. *People,* 213 N. Y. 554; *Partenfelder* v. *People,* 211 N. Y. 355; *City & Suburban Homes Co.* v. *People,* 157 App. Div. 124.) The provisions of article 12 of the Real Property Law as to service of original process on a person claiming title to real property are invalid and void because not " due process of law " within the meaning of the Fourteenth Amendment to the Constitution of the United States, and of section 6 of article 1 of the Constitution of the State of New York. (*Lachman* v. *People,* 127 N. Y. Supp. 912; *Dartmouth College* v. *Woodward,* 4 Wheat. 519; *Pennoyer* v. *Neff,* 95 U. S. 714; *Hurtado* v. *California,* 110 U. S. 516; *Mc-Millen* v. *Anderson,* 95 U. S. 37; *Pearson* v. *Yendall,* 95 U. S. 294; *Davidson* v. *New Orleans,* 96 U. S. 97; *Westervelt* v. *Gregg,* 12 N. Y. 202; *Wynehamer* v. *People,* 13 N. Y. 378; *People* v. *O'Brien,* 111 N. Y. 1; *Barkenthien* v. *People,* 212 N. Y. 36; *Partenfelder* v. *People,* 211 N. Y. 355.) Even assuming that the provisions of section 385 of the Real Property Law, for the service of " notice " are constitutional, the attempted service and alleged proof thereof in this instance are wholly defective, insufficient and void. (*Matter of Fetzer,* 104 Misc. Rep. 442; *Matter of Harper,* 106 Misc. Rep. 517.) The judgment for registration of title in Emma M. H. Wright of March 20, 1922, and the certificate of registration issued in pursuance thereof dated March 21, 1922, are invalid and void because obtained by fraud. (*Barkenthien* v. *People,* 213 N. Y. 554; *Hamilton* v. *Morris,* 7 Paige, 39; *Sheridan* v. *Cardwell,* 141 App. Div. 854; *Costello* v. *Costello,* 209 N. Y. 252; *Spalhors* v. *Shelbourne,* 158 App. Div. 367; 216 N. Y. 205; *Forker* v. *Brown,* 10 Misc. Rep. 161; 159 N. Y. 540; *Bystrom* v. *Villard,* 175 App. Div. 433; 220 N. Y. 765; *Craig* v. *Ward,* 36 Barb. 377; *Atkins* v. *Elwell,* 45 N. Y. 753; *Meighan* v. *Rohe,* 166 App. Div. 175.)

*J. Sidney Bernstein* for respondents. The order or judgment of registration of the property in the defendant

Wright and the issue to her of a certificate of title thereto is final and conclusive on the question of title and constitutes a bar to the claim of the plaintiff in the present action. (*Barkenthien* v. *People,* 212 N. Y. 36; *Partenfelder* v. *People,* 211 N. Y. 357; *Meighan* v. *Rohe,* 166 App. Div. 175.) The provision of the Real Property Law for service of process on a party to the registration proceeding by registered mail is both legal and constitutional. (*Barkenthien* v. *People,* 212 N. Y. 36; *Partenfelder* v. *People,* 211 N. Y. 355; *Sunderman* v. *People,* 148 App. Div. 124; *Sherman* v. *Kalman,* 169 App. Div. 17; *Hawes* v. *U. S. Trust Co.,* 142 App. Div. 789; *City & Suburban Homes Co.* v. *People,* 157 App. Div. 124; *Voorhees* v. *Voorhees,* 66 Misc. Rep. 78; *Smith* v. *Martin,* 69 Misc. Rep. 108; *Matter of Fetzer,* 104 Misc. Rep. 442; *Matter of Harper,* 106 Misc. Rep. 514; *Rubin* v. *Smith,* 122 Misc. Rep. 6; 210 App. Div. 876.)

CARDOZO, J. The action is ejectment.

Plaintiff, the city of New York, alleges that it is the owner, and entitled to the possession, of land now or formerly under water, forming part of Cromwell's creek in the borough of The Bronx. For answer, the defendant Wright sets up a final order made in proceedings under article 12 of the Real Property Law (the so-called Torrens Law, Cons. Laws, ch. 50), whereby title to the land in suit was registered in her. The city urges that the proceedings are ineffective, *first,* for lack of jurisdiction, and *second,* for fraud.

Lack of jurisdiction results, it is said, from inadequacy of notice. The statute provides for the filing of a petition (§ 379); for a reference to an official examiner who is to make a preliminary report as to the title and as to any interests therein (§ 380); and for a hearing thereafter at which adverse claimants shall have an opportunity to assert their rights (§ 385). Notice of this hearing is to be given by publication in a newspaper, and by registered

letter, demanding a return, to every party to the proceeding whose address is known, and so far as possible to all other persons appearing to have any interest therein as well as to adjoining owners. Notice of the proceeding and hearing is also to be posted in a conspicuous place upon the land (§ 385). The final order when duly enrolled is to be " forever binding and conclusive upon the State of New York and all persons in the world, whether mentioned and served with the summons and said notice specifically by name, or included in the description, ' all other persons, if any, having any right or interest in, or lien upon, the property affected by this action, or any part thereof ' " (§ 391).

The official examiner by his preliminary report included the city of New York as one of the interested parties, describing the nature of the interest as " possible rights in abutting street." Pursuant to this report, notice by registered mail was duly transmitted to the city of New York at the office of the corporation counsel. In due course there was returned a receipt bearing the words " Office of the Corporation Counsel " with the signature thereunder " Mary Neary," described as the addressee's agent. The city made default upon the hearing, though it does not say even now that it failed to receive the notice. An order of registration was thereafter made and filed in accordance with the statute.

We see no merit in the city's argument that there is a denial of " due process " in proceedings so conducted. The grievance seems to be that the statute makes provision for service by publication in a newspaper and by transmission through the mails. There is no doubt as to the validity of such a provision when the subject-matter of the controversy is land within the State. All that is then required is that the service shall be reasonably adequate to assure notice of the proceeding to those whose rights are to be affected. The authorities to that effect are convincing and decisive (*American Land Co.* v. *Zeiss*, 219

U. S. 47; *Security Sav. Bk.* v. *California,* 263 U. S. 282, 287; *Tyler* v. *Ct. of Registration,* 175 Mass. 71; *Matter of Empire City Bank,* 18 N. Y. 199, 215; *Continental Nat. Bank* v. *Thurber,* 74 Hun, 632; affd., on opinion below, 143 N. Y. 648; *Campbell* v. *Evans,* 45 N. Y. 356). "As it is indisputable that the general welfare of society is involved in the security of the titles to real estate, * * * it is obvious that the power to legislate as to such subjects inheres in the very nature of government" (*Am. Land Co.* v. *Zeiss, supra*). The case is even clearer where the defendant, as here, is a resident of the State (*Continental Nat. Bank* v. *Thurber, supra*), and clearer still, if possible, where it is a municipal corporation (cf. *City of Trenton* v. *New Jersey,* 262 U. S. 182, 188). Our inquiry, therefore, is limited to this: whether the provisions in respect of notice are reasonably adapted to the attainment of the end in view. The answer is not doubtful (*Tyler* v. *Ct. of Registration, supra*). Some point is made that the signer of the return card may have signed without authority. The requirements of the law were satisfied when the notice duly registered, with due demand for a return, was deposited in the mails. The statute would be unworkable if the petitioner were under a duty to supplement the proof of mailing by proof that the signature to the receipt is authorized or genuine. The city does not even suggest that the notice did in fact miscarry. The statute was obeyed, and there was jurisdiction to proceed to judgment.

Equally without substance is the argument that the proceeding is voidable for fraud. Actual fraud is disclaimed. The argument is, however, that there were omissions or misstatements by the official examiner which are to be characterized as constructive fraud. The fraud is said to consist in the failure of the examiner to discover and report that the city had an interest in the land under water as well as in the abutting streets. But, of course, that omission in and of itself is not fraud of any kind, either actual or constructive. Conceivably

the examiner may have made a mistake. There is no suggestion that the error was willful or dishonest. Certificates of registration would be worthless if their effect could be undone by evidence that an outstanding right or interest had been misapprehended or omitted. The very purpose of the proceeding is to set such controversies at rest. We add that the city was not misled or is not shown to have been misled by the description of its interest in the examiner's report. Neither in the published nor in the registered notice was there any statement that the right or claim of right to be divested was less than ownership in fee. The notice, published and registered, described the land by metes and bounds, accurately and fully. If the city claimed an interest in the whole or in any part, there was warning, ample and unequivocal, to come forward with its proofs.

The judgment should be affirmed with costs.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur; ANDREWS, J., absent.

Judgment affirmed.