ELLIS T. TERRY, County Treasurer, and Another, Plaintiffs, *v.* WILEY H. COLLINS and Others, Defendants.

Supreme Court, Suffolk County, November 4, 1932.

*Guy O. Walser, County Attorney,* for the plaintiffs.

*Jay Noble Emley,* for the defendant Collins.

VUNK, J. The plaintiffs bring this action asking that, in so far as the same relates to the property described in the complaint, the tax sale of October 15, 1923, be declared null and void and be set aside, and that the tax deed by Shepherd M. Scudder, county treasurer of Suffolk county, to Suffolk county, dated December 1, 1926, and the deed by the county of Suffolk to the defendant Wiley H. Collins, dated December 7, 1926, be forthwith canceled, and that, upon payment of the amount found to be due to the defendants, they and each of them be foreclosed of all right, title and interest in, or lien upon, the premises described in the complaint.

Were this an action by the original owner of the premises to declare the aforesaid tax sale null and void, and to cancel the aforesaid deeds, and no affirmative defense were alleged, undoubtedly the plaintiff in such an action would be entitled to the judgment asked for. Undoubtedly the tax sale of Suffolk county in 1923 was void, and any deed or deeds given thereunder did not confer title to the lands sought to be conveyed. (*Bamonte* v. *Ocean Beach-Fire Island Company,* 248 N. Y. 642.)

The plaintiff brings this action primarily to correct an error made by the county treasurer, in that said treasurer included in the property sold at the aforesaid tax sale the lands described in the complaint, upon the theory that the tax was unpaid, when as a matter of fact the tax not only had been paid, but the records of the county treasurer of Suffolk county showed the money in payment of said taxes to have been received by the county treasurer.

I doubt the right of the plaintiffs to bring this action, but apparently that question is not before me, and I, therefore, am not compelled to decide it.

The defendant Wiley H. Collins, however, sets up an affirmative defense, namely, that on or about the 23d day of January, 1929, he instituted a proceeding in the Supreme Court of the State of New York, Suffolk county, to register the title to the property described in the complaint, pursuant to the provisions of article 12 of chapter 50 of the Consolidated Laws of the State New York, known as the Real Property Law (§§ 370 *et seq.*). This article is generally

known as the Torrens Law. Such proceeding resulted in a judgment, duly signed by a justice of this court, bearing date the 5th day of April, 1929, and filed in the office of the registrar of Suffolk county on the 16th day of April, 1929; that on said day a certificate of title was issued to the defendant Wiley H. Collins. He alleges that the plaintiffs herein were duly made parties to said proceeding; were served and did not appear in the proceeding, nor file an answer. The defendant further alleged that this action was not commenced within the time limit prescribed for the commencement of such an action by article 12, chapter 50, of the Consolidated Laws.

Upon the trial the defendant established the facts alleged in the affirmative defenses, and there was apparently no dispute in relation to those facts.

The plaintiffs contend, however, that they did not discover the essential fact alleged in the complaint, namely, that the original tax upon the property had been paid, until long after the termination of the aforesaid proceedings under the Torrens Law. They contend that the Torrens Law, and particularly section 370 of the Real Property Law, has been construed by the courts of this State as an enactment for the registration of good titles and not legislation for the purpose of curing poor titles. With this proposition the court is in accord.

The cases cited by the plaintiffs (*Partenfelder* v. *People*, 211 N. Y. 355; *Barkenthien* v. *People*, 212 id. 36; *Meighan* v. *Rohe*, 166 App. Div. 175) are in complete substantiation of that principle. However, they are not in point with the complaint and the facts in this case. This is not an appeal by a party interested. It is an action commenced after the expiration of time limited by section 392 of the Real Property Law. As I read the statute, practically the only method of overcoming the provisions of section 392 of the Real Property Law is to allege fraud on the part of some one connected with the registration proceeding. There is and can be no fraud alleged in the complaint. It is true a mistake was made, but the mistake or error was one made by the plaintiffs.

I am of the opinion that the defendants have established both of their affirmative defenses, and that the complaint must be dismissed. (*City of New York* v. *Wright*, 243 N. Y. 80.)

The complaint is dismissed, with costs. Submit decision and judgment. Plaintiffs, if so advised, may submit proposed findings on two days' notice.